MAY TERM, 1838.

Bogliolo v. Scott.

## MATTIE BOGLIOLO v. JOHN SCOTT.

1.  Assumpsit by an attorney for his fee. On the trial, plaintiff offered in evidence a letter, containing the terms of the contract, the signature to which was in the hand-writing of his client, the defendant, but which was not directed to any one. Held, that, the letter being found in the possession of plaintiff, and the terms agreed to in the letter corresponding with those which, it was proved *aliunde*, plaintiff had declared to be the only terms on which he would undertake the case, it was properly admitted to the jury.
2.  $200 damages were not unreasonable in this case, when a fee of $200 was proved to have been the contract between the parties; and moreover seemed not to have been an unreasonable compensation for the services rendered.

APPEAL from the circuit court of New Madrid county.

*A. Cook*, counsel for plaintiff in error.

*P. Cole*, counsel for defendant in error.

TOMPKINS, Judge, delivered the opinion of the court.

Scott brought his action of assumpsit in the circuit court against Bogliolo, and there had a judgment; to re-reverse which, Bogliolo appeals to this court.

MAY TERM, 1838.

Bogliolo v. Scott.

The evidence of the case is, that Scott attended to a suit brought against the appellant by Smith, administrator of Campanell. It was proved that, at the request of the wife of the appellant, Alvan Cook wrote to Scott, the appellee, to retain him as his counsel in this case; that Cook afterwards informed the appellant that he had written the said letter, and that the appellant approved the act of Cook. It was also proved that the appellant sent one Napoleon Lisicier to Ste. Genevieve to see Scott, the appellee, on the subject of attending to the said cause as his attorney, and that Scott told Lisicier that he would not attend to the cause for Bogliolo unless he would give him his note for two hundred dollars, with security; that Lisicier in a few days returned to New Madrid, told Bogliolo what Scott had said, and that Bogliolo told Lisicier he would write to Scott on the subject. The appellee, also, by permission of the court, read in evidence a letter not directed to any person by name, the signature to which was proved to be in the hand writing of Mattie Bogliolo, and the body of the letter in the hand writing of James Evans, an attorney on the part of Bogliolo in the said cause. It was also proved that the said letter was in the possession of Scott, and had by him been delivered to his attorney in this suit previous to the commencement thereof; it was in these words, to wit:

"New Madrid, March 1st, 1836.

"*Dear Sir:* When I spoke to you to attend as my lawyer in the suit of Smith, administrator of Campanell, my calculation was to pay you your demand, though no written contract was signed. I now understand by Mr. Lisicier, that you do not consider yourself employed, as no specific fee has been promised. I now wish you to attend to that case as one of my attorneys, for which I will pay you two hundred dollars, your fee. I wish your strict attention, as the case is an important one to me."

(Signed)          "MATTIE BOGLIOLO."

The reading of the letter was objected to by the defendant.

It was proved on the part of the defendant, appellant in this court, that Campanell, in his lifetime, instituted a suit against the present appellant, on the same note, and that the present appellant employed Greer W. Davis to attend to the suit for fifty dollars. That case was dismissed. Smith took out letters of administration, and commenced the suit, which Scott, the appellee, was employed by Bogliolo to attend to, and which is the subject matter of the suit now pending. No other evidence was

offered by the defendant (appellant here,) and after judgment was given against him, he moved for a new trial, because,

1. The verdict is against evidence and the weight of evidence. 2. The letter of Bogliolo was improperly admitted to be read in evidence on the trial of the cause. 3. The damages are excessive.

Had the letter given in evidence been directed to John Scott, no person could have entertained a doubt about the liability of Bogliolo to pay the demand of Scott. It is not very easy to find any good reason to doubt whether he wrote that letter to Scott. 1. Scott had the letter in possession. Had it been written to another person, Bogliolo ought certainly to have been able to show that matter, and the envelope might, in all probability, have been produced, or its loss accounted for. But Cook, at the request of Bogliolo's wife, had written to Scott to attend to the same suit, and he, on being informed of it, had approved the act. Cook also says, that he afterwards spoke to Scott, and that Scott told him he would not undertake the case, unless Bogliolo would give him his note. Bogliolo also sent Lisicier to see Scott at Ste. Genevieve, and the witness states that he did see Scott, and Scott told him he would not undertake the case unless Bogliolo gave him his note for two hundred dollars, with security. This witness further states, that in a few days he returned to New Madrid, and *then* informed Mr. Bogliolo what Mr. Scott had said, and that Bogliolo said he would write to Scott upon the subject. The person who could, after reading this letter in which the mission of Lisicier is spoken of in so particular a manner, entertain a doubt whether it was intended for Scott or another person, must be very hard to be convinced indeed. To this testimony, it may be added, too, that the letter was written by Evans, an attorney of Bogliolo, in the same cause. In the reasons assigned for a new trial, why did he not state that he was surprised, and that he could prove by Evans that the letter was addressed to another person?

The answer is obvious. I can hardly suppose that the counsel thought the letter in the state in which it was submitted, was inadmissible evidence. But when it was admitted to the jury, they might still, if they had not been satisfied, have refused to allow it any credit. I, myself, should have given as much credit to it after hearing the other evidence, as if it had been directed to John Scott in the most legible manner.

But it is contended that the damages were excessive.

MAY TERM, 1838.

Bogliolo v. Scott.

Assumpsit by an attorney for his fee. On the trial, pltf. offered in evidence a letter, containing the terms of the contract, the signature to which was in the hand-writing of his client, the def., but which was not directed to any one. Held, that the letter being found in possession of pltf. and the terms agreed to in the letter corresponding with those which, it was proved *aliunde*, pltf. had declared to be the only terms on which he would undertake the case, it was properly admitted to the jury.

$200 damages

MAY TERM, 1838.

People, under no infirmity of mind, must be allowed to make their own bargains. But had there been no letter given in evidence to prove the agreement to pay the two hundred dollars, there is little room left to doubt. When Lisicier told him what Scott had said, he said he would write to him on the subject, and expressed no dissatisfaction at the amount of the price demanded by Scott for his services. This objection is reserved till the services were performed—services, too, which could not have been performed without his knowledge and consent; for, we learn from the evidence, that there were several changes of venue. In my opinion, the evidence was all-sufficient to justify the finding of the jury, and the damages were not, as it seems to me, at all unreasonable.

The judgment of the circuit court ought then, in my opinion, to be affirmed, and the other judges concurring, it is affirmed.